# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) 25-CR-204 (DLF) |
| JEVAUN HODGE, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S SUPPLEMENT TO ITS MOTION TO SUPPRESS EVIDENCE

COMES NOW the defendant, JeVaun Hodge, by and through below-signed counsel, and supplements its earlier-filed Motion to Suppress Evidence in accordance with the Court's Order of January 12, 2026, and alleges in support thereof as follows:

### *Facts Sufficient to Undermine the Reliability of the Tip*

1.  At a hearing on Mr. Hodge's Motion to Suppress Evidence, the defense anticipates presenting testimony from an eyewitness, Frank Theron Davis. Mr. Davis was a passenger in the car driven by Mr. Hodge on the date in question. He is expected to testify, as set forth in a written statement provided to the defense, attached as Exhibit 1, that

- the car which the police eventually searched was never parked on Bryant Street, NE as alleged by Officer Possinger in the *Gerstein* affidavit;

- the conversation Officer Possinger claims to have overheard, in which Mr. Hodge is alleged to have stated he had a gun with him, never took place;

- Mr. Davis never urinated out of the passenger seat of the car as alleged by Officer Possinger.

2.	These facts directly contradict the information Officer Possinger conveyed to Officer Merritt to justify seizure of Mr. Hodge and eventual search of the vehicle Mr. Hodge was driving.  If believed by the Court, these facts are sufficient to undermine the reliability Officer Possinger's tip.

### *Seizure of Mr. Hodge Without Articulable Suspicion of Wrongdoing Was a Constitutional Violation*

3.	"The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" U.S. Const. amend. IV. Warrantless searches "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted).

4.	Under the Fourth Amendment, a seizure, or a stop for "investigatory purposes," is not permitted unless "the officer possesses a reasonable suspicion supported by specific and articulable facts that the individual is involved in criminal activity." *Terry v. Ohio,* 392 U.S. 1, 21 (1968) ("In justifying the particular intrusion, the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.").

5.	A seizure occurs "when an individual's liberty is restrained by physical force or a show of authority." *Id. at 19, n. 16*. In those circumstances, an officer must have a reasonable suspicion, based on articulable facts, that the individual has committed or will soon commit a crime in order to detain or stop that individual. *United States v. Sokolow,* 490 U.S. 1, 7 (1989); *Terry*, 392 U.S. at 30.

6. "The government bears the 'burden to provide evidence sufficient to support reasonable suspicion.' " *United States v. Delaney*, 955 F.3d 1077 (D.C. Cir. 2020).

7. If the initial seizure of Mr. Hodge was illegal because it was based on false information from a police officer, then all evidence derived therefrom must be suppressed as "fruit of the poisonous tree." *Wong Sun v. U.S.,* 371 U.S. 471, 488 (1963) (narcotics held inadmissible because they were only discovered as the result of a statement illegally obtained by the police).

8. Mr. Hodge was seized under *Terry* when he was taken out of his car and handcuffed by the police on the date in question. The only justification for Officer Merritt's seizure of Mr. Hodge—according to his own Gerstein affidavit—was the claim that Mr. Hodge stated that he possessed a gun as conveyed by Officer Possinger. The defense is prepared to present evidence that this statement was never made and therefore could never have been heard by Officer Possinger.

9. If the Court finds that this claim by Officer Possinger was false, then there existed no articulable suspicion that Mr. Hodge had committed or was about to commit a crime to justify the stop of the vehicle Mr. Hodge was driving. Thus, if the Court finds that the justification for the stop was false at its origin, then the seizure of Mr. Hodge was constitutionally invalid, and all evidence uncovered as a result of this seizure should be suppressed.

### *An Evidentiary Hearing Is Needed to Resolve Significant Factual Disputes*

10. The Court has discretion to order an evidentiary hearing to resolve factual disputes. *See, e.g., U.S. v. Radatz,* 447 U.S. 667, 694 (1980).

11. As noted above, there exist significant factual disputes regarding whether the circumstances justifying the seizure of Mr. Hodge actually existed. Thus, an evidentiary hearing

would seem to be the only practical way for the Court to decide whether to credit Officer Possinger's account or that of the defense witness.

### *As the Driver of a Vehicle he Rented, Mr. Hodge Has A Privacy Intertest in the Vehicle Searched by The Police and, Therefore, Standing to Assert a Fourth Amendment Claim*

12. The defense expects the evidence at a hearing to show that Mr. Hodge was the lawful renter of the vehicle in question at the time it was searched by the police.

13. "As a general rule, someone in otherwise lawful possession and control of a rental car has a reasonable expectation of privacy in it even if the rental agreement does not list him or her as an authorized driver." *Byrd v. United States*, 584 U.S. 395 (2018).

14. As the lawful renter of the vehicle, Mr. Hodge enjoyed a reasonable expectation of privacy in the Chrysler 200 that was searched by the police. He therefore has standing to assert a Fourth Amendment claim regarding the vehicle.

WHEREFORE, the Defendant respectfully requests that this Court:

1. GRANT the Defendant an evidentiary hearing on this matter; and

2. ORDER that all evidence obtained as a result of Mr. Hodge's illegal detention on April 9, 2025, be suppressed.

Respectfully submitted this 25th day of January, 2026, by

    /s/ John L. Machado
John L. Machado, Esquire
Bar No. 449961
Counsel for Mr. Hodge
503 D Street, N.W., Suite 310
Washington, DC 20001
Telephone: (703) 989-0840
E-mail: johnlmachado@gmail.com

/s/Peter Kent Odom
Peter Kent Odom, Esquire
DC Bar #1027700
The Odom Law Firm
300 New Jersey Avenue NW, Suite 300
Washington D.C. 20001
(404) 661-4990
peter@odom-law.com

**Certificate of Service**

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 26th day of January, 2026, which will send a notification of such filing (NEF) to all counsel of record.

/s/Peter Kent Odom
DC Bar #1027700
The Odom Law Firm
300 New Jersey Avenue NW, Suite 300
Washington D.C. 20001
(404) 661-4990
peter@odom-law.com

5